STATE of Minnesota, DEPARTMENT OF NATURAL RESOURCES, By Its COMMISSIONER, Appellant,

v.

Wesley OLSON, Respondent.

No. 48385.

Supreme Court of Minnesota.

Jan. 12, 1979.

Warren Spannaus, Atty. Gen., C. Paul Faraci, Deputy Atty. Gen., James Schoessler, Spec. Asst. Atty. Gen., St. Paul, for appellant.

Swenson & Nelson, Madison, for respondent.

Gislason Dosland Malecki Gislason & Halvorson and James H. Malecki, New Ulm, for Galler, Strohl, Miller, Ziegler, and Minn. Chapter, Land Improvement Contractors of America, amicus curiae, seeking affirmance.

Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., and Raymond A. Haik, Minneapolis, for Minn. Div. of Izaak Walton League of America et al., amicus curiae, seeking reversal.

TODD, Justice.

Respondent, Wesley Olson, is the owner of 700 acres of farmland in Big Stone County, Minnesota. Included in this property is most of an 81-acre tract of land known as Sweetwater Lake. The Department of Natural Resources (DNR) sought injunctive relief to prevent respondent's draining of the lake for agricultural purposes. The lower court denied the relief, ruling that the granting of the injunction would constitute an unconstitutional taking of Olson's property without just compensation. We reverse.

Sweetwater Lake is an 81-acre body of water located in Big Stone County.[1] The lake was classified as a natural environmental lake by the county shoreland management ordinance. It has an average depth of 2.4 feet with a high water mark of 3 feet. The depth and amount of water in the lake is dependent on the seasonal rainfall, and it has, on occasion, completely dried up. The lake does have a well-defined basin with no natural outlets and collects water from a watershed of approximately 350 acres. On the eastern edge of the lake the county holds an easement for highway purposes.

It is uncontested that in 1974 defendant Olson began excavation to drain Sweetwater Lake for the purpose of commencing farming operations on the underlying bed. At no time did Olson apply to the DNR for a permit, although he was aware of the fact that DNR considered Sweetwater Lake public waters and that a permit was required for such activities.

In 1976, the DNR sought to permanently enjoin the maintenance of the artificial drainage of Sweetwater Lake pursuant to Minn.St. 105.38 and 105.42. A motion for a temporary injunction was denied, and the matter went to trial.

The trial court found that Sweetwater Lake met criteria identified in Minn.St. 105.37, subd. 6, establishing it as serving a "beneficial public purpose," to-wit:

(a) Retention of water and nutrients for its watershed (§ 105.37, subd. 6[c][d]);

(b) Provision of a wildlife habitat for rearing, feeding, and nesting of waterfowl and furbearers in most years (§ 105.37, subd. 6[g]);

(c) Provision of recreational opportunities for hunters (§ 105.37, subd. 6[e]).

---

1. Since Sweetwater Lake exceeds 50 acres in size, it is not included within recent legislation establishing a waterbank program with compensatory awards for land so established. Minn.St. 105.392, subd. 2(b).

The order, executed by Judge Thomas J. Stahler on behalf of Judge Leif R. Langsjoen, now deceased,[2] dismissed the complaint of the DNR and denied its request for an injunction. Based in part upon the above findings, the court concluded that Sweetwater Lake served a material, beneficial purpose and therefore represented public water, subject to the control of the state as provided in Minn.St. c. 105.

In dismissing the complaint, however, the judge concluded:

> "That any injunction restraining the drainage of Sweetwater Lake would constitute a taking of the defendant's property for a public use without just compensation and without due process of law that is contrary to both the United States and Minnesota Constitution."

The issue raised is whether the regulation of a body of "public waters" pursuant to statute, which is partially on land owned by Olson and which is susceptible to public access by means of a county road, constitutes an unconstitutional taking of his property without just compensation.

■ 1. As we have already noted, the trial court found Sweetwater Lake to be a body of public water. No notice of review was filed challenging this determination, and it is the law of the case. Therefore, barring constitutional impediments, the requirements of Minn.St. 105.38 are applicable, and Olson was required to obtain a permit to drain Sweetwater Lake. Because we have previously held that the permit requirement set out in § 105.42 is not on its face unconstitutional, see, *State v. Kuluvar*, 266 Minn. 408, 123 N.W.2d 699 (1963), the drainage of the lake without a permit is impermissible and the maintenance of the artificial drain should be enjoined.

■ 2. Once the trial court determined that Sweetwater Lake constituted public waters, it should not have passed upon constitutional issues on this matter unrelated to the public waters issue for the reason

that Olson has not applied for a permit and has not been denied one. For the same reason, we do not reach the constitutional issue determined by the trial court. There being no determination by the DNR on the issuance of a permit, there is nothing to evaluate. It follows there is no justiciable issue before us.

The order of the trial court is reversed and the matter remanded for proceedings consistent with this opinion. It is suggested that such proceedings be delayed while a permit from the DNR is sought by Olson. If the permit is granted, the case is moot. If the permit is denied, the constitutional question can be reasserted based upon the factual matters developed at the permit hearing.

Reversed and remanded.

---

2. Prior to the time of Judge Langsjoen's death, he had prepared an unsigned "Findings of Fact, Conclusions of Law and Order for Dismissal" in this matter. It was stipulated by the parties to the action that the unsigned version was a true and correct copy of the determination which Judge Langsjoen had intended to execute. The stipulation was filed with the district court, and Judge Stahler executed the order on behalf of Judge Langsjoen.